1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL J. PAYNE,                          )
                                          )
        Petitioner,              )        3:10-cv-0446-RCJ-VPC
                                          )
vs.                                       )        **ORDER**
                                          )
DIRECTOR, NEVADA DOC *et al.*,  )
                                          )
        Respondents.            )
_____/

       Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (received July 19, 2010). Petitioner has now paid the $5.00 filing fee for the petition (*see* docket #4). The petition shall therefore be filed, docketed and dismissed as it is a second or successive petition for which petitioner has not obtained the necessary leave of the Ninth Circuit Court of Appeals.

       The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). Specifically, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664 (1996).

1         Petitioner acknowledges by way of the orders of this court,[1] the Nevada Supreme Court

2    and State District Court, attached to his petition as exhibits, that he was convicted in 1996 and that he

3    filed a direct appeal, a state post conviction action which was denied on its merits and the appeal was

4    denied, that he filed a previous federal petition that was denied on its merits in 2004, and that in 2008

5    he filed a second state post-conviction petition which was denied on the basis of it being untimely and

6    successive. This dismissal was upheld on appeal. *See* exhibits to petition at docket #1-1, pp 15- 29.

7         Petitioner offers nothing to suggest that he has complied with the requirements of 28

8    U.S.C. 2241(b)(1) by seeking the leave of the Court of Appeals to present this second petition. and thus,

9    the petition shall be dismissed.

10        **IT IS THEREFORE ORDERED** that the Clerk shall **FILE AND DOCKET** the

11   Petition for a Writ of Habeas Corpus (received on July 19, 2010).

12        **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the

13   petition upon the respondents.

14        **IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE**

15   **AS SUCCESSIVE**. The Clerk shall enter judgment accordingly.

16        DATED: This 20th day of October, 2010.

17

18                     _____

19                     UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

     [1] See, CV-N-01-0120-ECR-VPC, Daniel J. Payne v. State of Nevada, *et al.,* (docket #42).

2